**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| HENRY MCNEIL, | ) | |
| | ) | Case No. |
| Plaintiff, | ) | |
| | ) | JUDGE |
| v. | ) | |
| | ) | Magistrate |
| The CITY OF CHICAGO HEIGHTS, Illinois, a municipal corporation, and Chicago Heights Police Officer RYAN MEDER (#158), | ) | Jury Trial Demanded |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

NOW COMES Plaintiff HENRY MCNEIL (hereinafter referred to as "Plaintiff"), by and through his attorney, JULIAN JOHNSON, THE LAW OFFICE OF JULIAN JOHNSON, LLC, for Plaintiff's Complaint and Jury Demand against Defendants RYAN MEDER and the CITY OF CHICAGO HEIGHTS, Illinois, a municipal corporation, states as follows:

## JURISDICTION & VENUE

1. This action is brought pursuant to 42 U.S.C. §1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.
2. This Court has jurisdiction of the action pursuant to 28 U.S.C. §1331 and §1367.
3. Venue is proper under 28 U.S.C. §1391(b). The events giving rise to the claims asserted in this Complaint occurred within this district.

## PARTIES

4. Plaintiff, HENRY MCNEIL, is a resident of Chicago Heights, Illinois.

5. At all relevant times, Defendant RYAN MEDER was a CITY OF CHICAGO HEIGHTS Police Officer, employed by Defendant CITY OF CHICAGO HEIGHTS, acting under color of law and within the course and scope of their employment.

6. Defendant CITY OF CHICAGO HEIGHTS is a municipal corporation, duly incorporated under the laws of the State of Illinois, and at the time of the incident in this case, was the employer and principal of Defendant RYAN MEDER. Should Plaintiff prevail on his claims, Defendant CITY OF CHICAGO HEIGHTS must indemnify Defendant RYAN MEDER on Plaintiff's claims pursuant to 735 ILCS 10/9-102.

**FACTS**

7. On July 4, 2020, Plaintiff, was stopped and detained by Defendant MEDER near his home in Chicago Heights, IL.

8. Defendant MEDER and Officer Angelo Curtis proceeded to place Plaintiff into handcuffs.

9. Plaintiff fled on foot as he was being handcuffed.

10. Officer Angelo Curtis deployed his Taser at Plaintiff, delivering an electric shock to Plaintiff and immobilizing his body.

11. After being tased, Plaintiff went to the ground onto his back.

12. After Plaintiff went to the ground, he was not resisting arrest, nor did he attempt to flee further.

13. Defendant MEDER grabbed Plaintiff's left hand and wrist and told Plaintiff to "roll the fuck over motherfucker."

14. As Defendant MEDER told Plaintiff to "roll the fuck over motherfucker," Defendant MEDER yanked Plaintiff's hand and wrist and forcefully flung Plaintiff from his front left side to the right.

15. The force that officer MEDER used to fling Plaintiff's body was so forceful and violent that the right side of Plaintiff's head struck the ground, causing Plaintiff's head to bleed profusely.

16. Plaintiff was instantly rendered unconscious from the excessive force Defendant MEDER used on Plaintiff.

17. Defendant MEDER'S excessive force also injured Plaintiff's shoulder.

18. Plaintiff was transported to the hospital for treatment.

19. At the hospital, Plaintiff was diagnosed with an injury to his shoulder, and his head was stapled to close the wound.

20. Defendant MEDER and other officers falsified police reports to indicate that Plaintiff injured himself when he fell from after being tased.

21. Defendant MEDER knew that the police report accounts of Plaintiff's injuries were false.

22. Defendant MEDER and other officers fabricated police reports to cover up Defendant MEDER'S excessive force on Plaintiff.

23. Plaintiff suffered serious physical injuries as a result of the excessive force inflicted upon him by Defendant MEDER.

## COUNT I
**42 U.S.C. § 1983 – Excessive Force**
**Against Defendant MEDER**

24. Each of the foregoing paragraphs is incorporated as if fully restated herein.

25. As described in the above paragraphs, Defendant MEDER used excessive force on Plaintiff, thus violating his rights under the Fourth Amendment of the United States Constitution and 42 U.S.C. Section 1983.

26. The actions of Defendant MEDER was intentional and committed with reckless disregard for Plaintiff's rights.

27. As a direct and proximate consequence of Defendants MEDER'S misconduct, Plaintiff suffered damages, pain and suffering and, monetary expense.

**WHEREFORE,** Plaintiff demands judgment against Defendant for compensatory damages, punitive damages, attorneys' fees, costs, and such other relief that this Court deems equitable and just.

## COUNT II
## Indemnification
## Against the City of Chicago Heights

28. Each of the foregoing paragraphs is incorporated as if fully restated herein.

29. At all relevant times, Defendant CITY OF CHICAGO HEIGHTS was the employer of Defendant MEDER.

30. In Illinois, public entities are directed to pay for any tort judgment for compensatory damages for which employees are liable within the course and scope of their employment activities.

31. Defendant MEDER committed the alleged acts under the color of law and in the course and scope of their employment with the CITY OF CHICAGO HEIGHTS.

32. As a proximate cause of Defendant MEDER'S unlawful acts, which occurred within the course and scope of their employment activities, Plaintiff suffered physical, monetary, and emotional injuries.

**WHEREFORE,** should the Individual Defendant be found liable, Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, attorneys' fees, costs, and such other relief that this Court deems equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

**DATED**: September 21, 2021

Respectfully Submitted,

HENRY MCNEIL, Plaintiff

By: /s/ Julian Johnson
Plaintiff's Attorney

Julian Johnson
The Law Office of Julian Johnson, LLC
55 East Monroe Street, Suite 3800
Chicago, Illinois 60603
Phone: 312-487-1711
julian@julianjohnsonlaw.com